IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID NEAL DUNCAN, | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION CAUSE NUMBER |
| v. | § | 2:11-CV-194-J |
| | § | |
| JAMES FARREN, et al., | § | |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants City of Amarillo, Texas, Jerry Keith and Tim Williams' motion to dismiss. No response to this motion has been filed by Plaintiff David Neal Duncan, and the time for filing any response has long passed. For the following reasons, this motion is granted.

### Factual Background

Plaintiff is a formerly-licensed attorney at law. He alleges that the City of Amarillo, Texas, acting through Amarillo police department (APD) Officers Jerry Keith and Tim Williams, violated his rights under the fourth, fifth and fourteenth amendments to the Constitution of the United States during execution of a search warrant at his law office. He alleges generally that the Amarillo police officers did not read the search warrant that was being executed, yet seized items not knowing if such items were contained within the terms of the search warrant.

Plaintiff specifically alleges that co-defendants James Farren, District Attorney of Randall County, Texas, and Farren's employees Roger Wineinger, Richard Gore and Craig Allen, directly caused harm to Plaintiff by participating in the search, logging in evidence, and directing APD Officers Keith and Williams, who were members of the APD SWAT team, as to what items were to be seized. Plaintiff alleges that Defendants Farren and Wineinger are criminal prosecutors in

Randall County who took it upon themselves to use APD officers to illegally seize attorney case files, financial documents, mail, personal belongings, and unopened mail for Duncan's corporate clients. He alleges that Defendant Farren ordered co-defendants Gore and Allen to go to Plaintiff's law office in Potter County, Texas, and conduct the illegal search and seizure outside the jurisdiction of Defendant Farren.

Plaintiff alleges that the search and seizure was done at the instruction of Defendant Farren, and that all Defendants were acting under color of state law during the search and seizure. He brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

## Standards for Rule 12(b) Motions to Dismiss

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686-87, 40 L.Ed.2d 90 (1974)("Moreover, it is well established that, in passing on a motion to dismiss ... the allegations of the complaint should be construed favorably to the pleader."). *Accord Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). It is not, however, necessary or proper to assume that the plaintiffs can prove facts that they have not alleged, or that a defendant violated the law in ways that have not been alleged. *See Assoc. General Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 910, 74 L.Ed.2d 723 (1983).

In analyzing dismissal under Rule 12, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). To survive, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d

191, 205 (5th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal,* 495 F.3d at 205 (quoting *Twombly,* 127 S.Ct. at 1965).

Although a court accepts all well-pleaded facts as true, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Rule 8(a)(2)).

### Discussion and Analysis

*Claims against the City of Amarillo*

Defendant City of Amarillo asserts that the Plaintiff has not asserted a viable § 1983 claim against it because he has not alleged that the city had or has an unconstitutional policy, practice or custom that violated Plaintiff's clearly established civil rights. *See Monell v. New York Dep't of Social Services,* 436 U.S. 658, 694 (1978)(A plaintiff must show that a final policymaker for the municipal body made a deliberate and conscious choice to ratify a policy or custom that was the moving force that caused the plaintiff's injury.)./[1]

---

[1] "Congress did not intend municipalities to be held liable [for § 1983 actions] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dept.*

Defendants are correct that Plaintiff's complaint does not allege a policy, practice or custom adopted by the City that was the moving force behind Plaintiff's alleged injuries or damages. A municipality cannot be liable under § 1983 merely because it employed an alleged tortfeasor. *See Monell,* 436 U.S. at 691 (the municipality's deliberate policies make it liable; a municipality cannot be held liable under §1983 on a theory of *respondeat superior*); *Campbell v. City of San Antonio,* 43 F.3d 973, 977 (5th Cir. 1995)("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint.").

Plaintiff pleads that the city police officers' allegedly unconstitutional actions were done pursuant to the direct instructions, and at the specific directions of, the Randall County District Attorney and his prosecutors and investigators. Plaintiff alleges a single event as the basis for damages under §1983. His allegations fail to meet *Monell*'s test for a persistent widespread custom or practice that constitutes a permanent and well settled city policy. Further, he does not allege that his damages were directly inflicted or caused by a city policy, or that city policy caused its employees to damage him. His complaint does not meet the rigorous standards required to impose municipal liability. *See Bd. Of County Comm'rs of Bryan County, Okla. v. Brown,* 520 U.S. 397, 404 (1997)("where a plaintiff claims that the municipality has not directly inflicted the injury, but none the less has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees").

---

*of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). "A municipality cannot be made liable by application of the doctrine of respondeat superior." *Pembuar v. City of Cincinnati,* 475 U.S. 469, 478, 106 S.Ct. 1292, 1297, 89 L.Ed.2d 452(1986). "[R]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'– that is, acts which the municipality has officially sanctioned or ordered." *Id.,* 475 U.S. at 480, 106 S.Ct. at 1298. However, "it is plain that municipality liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Id.*

The City also moves to dismiss Plaintiff's claim for exemplary or punitive damages. Municipalities are immune from punitive damages under 42 U.S.C. § 1983. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981) holding that a municipality is immune from punitive damages under 42 U.S.C. § 1983). Plaintiff's claim for punitive damages against the city is dismissed.

For these reasons the City of Amarillo's motion to dismiss all claims asserted by Plaintiff Duncan against the city is granted.

### *Claims against Officers Jerry Keith and Tim Williams*

Plaintiff sues Keith and Williams in their official capacities as APD officers. Official capacity claims are claims against the city. *See Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985); *Brandon v. Holt,* 469 U.S. 464, 471 (1985). Defendants Keith and Williams' request for dismissal of the official capacity claims against them is granted because Plaintiff has failed to assert a viable claim against their employer, the city.

It is not clear that Plaintiff brings claims against Keith and Williams in their individual capacities.[2] Assuming he does, Plaintiff labels the search "illegal" but does not allege facial deficiencies or defects in the search warrant itself. Plaintiff does not complain that the search warrant and/or supporting affidavit lacked probable cause, was facially invalid, or that it was not signed by a neutral magistrate. Plaintiff does not complain that the officers searched premises not described in the search warrant. Plaintiff does not allege that the items seized were not within the scope of the search warrant and, even if there were, he specifically alleges that all items seized by seized at the direction of Randall County agents. Plaintiff alleges no specific wrong-doing by

---

[2] Where the complaint does not clearly specify whether officials are sued personally, in their official capacity, or both, "[t]he course of proceedings" typically will indicate the nature of the liability sought to be imposed. *Brandon v. Holt,* 469 U.S. 464, 469, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). However, in this case it remains unclear. The Court will therefore addresses both capacities.

Defendants Keith or Williams other than the alleged fact, which he has not shown is material, that they did not personally read the search warrant. Plaintiff does not allege that the City, Keith or Williams or any other Amarillo police officer had or still retains custody of a seized item. He alleges that Defendant Farren retains custody of seized items.

The evidence log attached to Plaintiff's complaint indicates that the search warrant was for records situated at his business. Plaintiff alleges that his constitutional rights were violated by the search and seizure of his property pursuant to execution of the search warrant at the direction of other Defendants./[3] Plaintiff does not, however, adequately allege a violation of a clearly established constitutional right by either of these two APD officers. The facts as pled by Plaintiff do not, as they must, plausibly suggest individual liability for either Keith or Williams. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)(citing *Twombly,* 550 U.S. at 556).

Factual allegations which, in a vacuum, might suffice to permit innuendo or speculation about illegal behavior by a co-defendant do not survive plausibility analysis in the presence of an obvious, alternative lawful explanation for the APD defendants' individual conduct. In this case, as pled by the Plaintiff, that alternative lawful explanation for these two APD defendants' conduct is the search warrant, which both police officers – under the specific facts of this case as pled by the Plaintiff – were entitled to rely upon. Where a warrant is used and issued after judicial approval, the warrant protects the seizing officer against a suit for damages. *Carroll v. United States,* 267 U.S. 132, 156 (1925). A warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search. *U.S. v. Leon,* 468 U.S. 897, 922 (1984). *See*

---

[3] Plaintiff can bring no cause of action under Section 1983 for alleged negligence by any Defendant in failing to stop an illegal action. Negligence is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986).

*also U.S. v Merida,* 765 F.2d 1205, 1214 (5th Cir. 1985)(affirming an officer's good faith reliance on a search warrant because officers are not expected to second-guess the magistrate).  An officer is therefore protected and justified in executing process fair on its face—that is, process that is issued by a court, magistrate, or body having legal authority to issue process of that nature, is legal in form, and contains nothing to notify or fairly apprise the executing officer that it is issued without authority – and his or her individual official actions in execution of the search warrant have not been alleged to exceed its facial scope.

The plaintiff in this case does not plead factual content that allows the Court to draw a reasonable inference that these two Defendants are individually liable for the misconducts alleged. Under the specific facts pled here, they are entitled to good faith immunity from this suit pursuant to their reasonable reliance in execution of this search warrant. Plaintiff's individual capacity claims against these two APD defendants are therefore not facially plausible, and must be dismissed per *Ashcroft, Carroll* and *Leon.*

### Conclusions

For the reasons set forth above, even accepting Plaintiff's allegations as true and construing them in a light most favorable to the Plaintiff, Plaintiff has not plead viable claims against the City of Amarillo, Texas, or APD officers Jerry Keith or Tim Williams.

Defendants' motion to dismiss all claims asserted in this suit against these three Defendants is therefore granted.

It is SO ORDERED.

Signed this the _____ day of March, 2112.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE