# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN  DISTRICT OF TEXAS

### AMARILLO  DIVISION

| | | |
|---|---|---|
| DAVID NEAL DUNCAN, *pro se,* | § | |
| | § | |
| PLAINTIFF, | § | CIVIL ACTION CAUSE NUMBER |
| v. | § | |
| | § | 2:11-CV-194-J |
| JAMES FARREN, Individually and as | § | |
| Randall County District Attorney, *et al.,* | § | |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants Randall County, James Farren, Roger Wineinger, Richard Gore and Craig Allen's motion for summary judgment.  No response to this motion has been filed by *pro se* Plaintiff David Neal Duncan, and the time for filing any response has long passed.  For the following reasons, this motion is granted in part as follows.

### Factual Background

Plaintiff is a formerly-licensed attorney at law.  He alleges that the Randall County District Attorney's office, acting through Defendant James Farren, the Randall County District Attorney, Defendants Wineinger, Gore and Allen, and Amarillo police officers, violated his rights under the fourth, fifth and fourteenth amendments to the Constitution of the United States during execution of a search warrant at his law office.  He alleges generally that the officers illegally seized items contained within the terms of the search warrant, and that those items have not returned them to him.

Plaintiff alleges that Defendants Farren, Randall County, Texas, and Farren's employees Wineinger, Gore and Allen, participated in the search, logging in evidence, and directing police officers as to what items were to be seized.  Plaintiff alleges that Defendants Farren and Wineinger

are criminal prosecutors in Randall County who took it upon themselves to use city police officers to illegally seize attorney case files, financial documents, mail, personal belongings, and unopened mail for Duncan's corporate clients.  He alleges that Defendant Farren ordered Gore and Allen to go to Plaintiff's law office in Potter County, Texas, and conduct the illegal search and seizure outside the jurisdiction of Defendant Farren.

Plaintiff alleges that the search and seizure was done at the instruction of Defendant Farren, and that all Defendants were acting under color of state law during the search and seizure.  He brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

### Standards for Rule 56 Summary Judgment Motions

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ©.  A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25.  The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993).

The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  Summary judgment is also appropriate if "adequate time for discovery" has passed and a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party

will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.  The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)(quoting *Celotex Corp.*, 477 U.S. at 323).  The nonmovant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

### Discussion and Analysis

Plaintiff asserts two claims:  a Section 1983 claim alleging violations of his fourth, fifth and fourteenth amendment rights, and a §1983 claim against Defendants for acting willfully, deliberately, maliciously or with reckless disregard to Plaintiff's constitutional rights which entitles him to punitive damages assessed against individual Defendants.  Defendants are sued in both their individual and official capacities.

### *Official Capacity Claims*

Plaintiff brings claims against Defendants Farren, Wineinger, Gore and Allen in their official capacities.  Defendants seek dismissal or judgment on the official capacity claims.  "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985).  Plaintiff's claims against the Defendants in their official capacities are therefore claims against Randall County, *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690 n.55 (1978); *Esteves v. Brock,* 106 F.3d 674 (5th Cir.), *cert. denied,* 522 U.S. 828 (1997), because the only defendant sued by the naming of a public official or an employee as a defendant in his official capacity is the entity itself. *Ashe v. Corley,* 992 F.2d 540, 541 n.1 (5th Cir. 1993).

A claim for money damages against an official in his official capacity "is no different from a suit against the State itself," so the official is not a "person" subject to such a damages suit under § 1983. *See  Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Therefore that part of Plaintiff's complaint seeking only money damages against District Attorney Farren and the other remaining Defendants in their official capacities may properly be dismissed.

A state official may, however, also be sued for prospective injunctive relief. *See Frew ex rel. Frew v. Hawkins,* 540 U.S. 431, 437 (2004); *Edelman v. Jordan,* 415 U.S. 651, 677 (1974); *see also Will,* 491 U.S. at 71 n. 10 ("[O]fficial-capacity actions for prospective relief are not treated as actions against the State." (internal quotation marks omitted)).  With respect to a "return of property" injunctive relief claim, while an official may not be held personally liable on a theory of vicarious liability, he "can be held liable when the 'enforcement of a policy or practice results in a deprivation of federally protected rights'" and the requested remedy for which is injunctive relief, i.e., an order for the official in his official capacity to return all property illegally taken. *See Bustos v. Martini Club Inc.,* 599 F.3d 458, 468 (5th Cir. 2010)(quoting *Alton v. Texas A & M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999)).  Pursuant to this injunctive-relief exception, where, as here, a plaintiff seeks injunctive relief against an office holder for return of property illegally taken and held, dismissal of the official capacity, injunctive-relief claim against Defendant Farren, only, is not proper at this time and upon this limited record.

### *Fifth Amendment Claim*

Plaintiff alleges that he was deprived of property in violation of his fifth amendment rights./[1] However, the fifth amendment applies only to actions by the United States or federal actors. *See Morin v. Claire,* 77 F.3d 116, 120 (5th Cir. 1996); *Blackburn v. City of Marshall,* 42 F.3d 925, 930

---

[1]     *See* Plaintiff's Original Complaint at ¶ 30(b).

at n.3 (5th Cir 1995).  Because Plaintiff has not and can not allege that any Defendant was acting under authority of the federal government, Plaintiff has failed to allege a violation under the fifth amendment.  Accordingly, all Defendants are entitled to summary judgment as to Plaintiff's fifth amendment claim.

### Fourth Amendment Claim

Plaintiff alleges that "his person" was unreasonably seized in violation of the fourth Amendment./[2]  The fourth amendment provides the right to be free from arrest without probable cause.  *Club Retro, LLC v. Hilton,* 568 F.3d 181, 206 (5th Cir. 2009).

Plaintiff does not allege that he was arrested without a warrant.  He does not allege that he was arrested without probable cause.  Plaintiff does not allege who he was arrested by, or what he was arrested for.  In the absence of any specific factual allegations regarding his fourth amendment claim, and in light of his failure to come forward with any evidence supporting his fourth amendment unconstitutional arrest allegation, Plaintiff has failed to allege a violation of a clearly-established constitutional right.  All Defendants are therefore entitled to summary judgment as to Plaintiff's fourth amendment claim for unreasonable seizure of his person.

### Fourth and Fourteenth Amendment Claims

Plaintiff's complains that the Defendants conducted an illegal search and seizure of items at Plaintiff's law office./[3]  The fourth amendment provides protection from unreasonable searches and seizures, while the fourteenth amendment protects against the denial of due process.  *United States*

---

[2]     *See* Plaintiff's Original Complaint at ¶ 30(a).

[3]     *See* Plaintiff's Original Complaint at ¶ 19 ("On August 29, 2009, the Amarillo Police Department conducted an illegal search and seizure at the offices of Duncan Law Firm at 1111 W. 18th St. at the instruction of Randall County District Attorney James Farren.").

*v. Jones,* 234 F.3d 234, 239 (5th Cir. 2000)(Fourth Amendment); *County of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998)(Fourteenth Amendment).    A search or seizure violates the fourth amendment when it is done without a warrant or without probable cause. *Jones, supra,* 234 F.3d at 239.

Plaintiff admits that the Defendants had a search warrant./[4]  Plaintiff does not allege any facial deficiencies or defects in that search warrant.  Plaintiff fails to allege that the search warrant and/or supporting affidavit lacked probable cause, was facially invalid, or that it was not signed by a neutral magistrate. *See US v. Leon,* 468 U.S. 897, 922 (1984)("[A] warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search.").  Plaintiff does not allege that the Defendants searched a premises not described in the search warrant, or that the items seized were not within the literal scope of the warrant.

Plaintiff does allege that Defendant Farren still retains Plaintiff's legal office case files and other items of his property, and that a state court in a criminal case brought against Plaintiff ruled that the search was in violation of the law.  Plaintiff has provided evidence in this record that his motion to suppress the fruits of the contested search was granted, the court in his criminal case ruling the search was illegal.  The reasons, limits and details of that ruling are not clear in this record.

Defendants claim that all files seized have been returned, except as ordered by the District Court in one of Plaintiff's underlying criminal cases.  It is reasonably clear, however, in the record of this case that not all of Plaintiff's property has been returned to him./[5]  Some case files were returned to Plaintiff's former clients, or to other lawyers, or perhaps released by former clients to the district attorney's office.  Other property was not returned, for reasons that remain unclear in this

---

[4]     *See* Plaintiff's Original Complaint at ¶ 16.

[5]     *See* Defendants' Summary Judgment Appendix at Tab B.

record.  This Court is limited to ruling upon the record now before it.

Nevertheless, Plaintiff fails to allege that his property was searched and seized by Defendants Wineinger, Gore and Allen without a facially-valid search warrant and without probable cause. Instead he pleads that Defendants Wineinger, Gore and Allen each acted under the orders of and at the express direction of Defendant Farren.  Plaintiff has therefore failed to allege a violation of a clearly established constitutional right by Defendants Wineinger, Gore and Allen.

Additionally, Plaintiff has not come forward with summary judgment evidence showing that these three individual Defendants' actions were objectively unreasonable under the circumstances alleged in this case.  *See Atteberry v. Nocona General Hospital,* 430 F.3d 245, 253 (5th Cir. 2005).

The facts as pled by Plaintiff do not, as they must, plausibly suggest individual liability for either Defendants Wineinger, Gore and Allen.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)(citing *Twombly,* 550 U.S. at 556).  Factual allegations which, in a vacuum, might suffice to permit innuendo or speculation about illegal behavior by a co-defendant do not survive plausibility analysis in the presence of an obvious, alternative lawful explanation for the defendants' individual conduct.  In this case, as pled by the Plaintiff, that alternative lawful explanation for these defendants' conduct is the search warrant, which these three persons – under the specific facts of this case as pled by the Plaintiff – were entitled to rely upon.

Where a warrant is used and issued after judicial approval, the warrant protects the seizing officers against a suit for damages.  *Carroll v. United States,* 267 U.S. 132, 156 (1925).  A warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search.  *U.S. v. Leon,* 468 U.S. 897, 922 (1984).  *See also U.S v Merida,* 765

F.2d 1205, 1214 (5th Cir. 1985)(affirming an officer's good faith reliance on a search warrant because officers are not expected to second-guess the magistrate).  A governmental officer is therefore protected and justified in executing process fair on its face—that is, process that is issued by a court, magistrate, or body having legal authority to issue process of that nature, is legal in form, and contains nothing to notify or fairly apprise the executing officer that it is issued without authority – and his or her individual official actions in execution of the search warrant have not been alleged to exceed its facial scope.

The Plaintiff in this case does not plead factual content, or bring forth summary judgment evidence, that allows the Court to draw a reasonable inference that Defendants Wineinger, Gore or Allen are individually liable for the misconducts alleged.  Under the specific facts pled here, they are entitled to good faith immunity from this suit pursuant to their reasonable reliance in execution of this search warrant.  Plaintiff's individual capacity claims against these three defendants are, therefore, not facially plausible and must be dismissed per *Ashcroft, Carroll* and *Leon*.

Accordingly, Defendants Wineinger, Gore and Allen are entitled to summary judgment as to Plaintiff's fourth and fourteenth amendment claims for deprivation of property.

### *Punitive Damages Claim*

Plaintiff alleges a §1983 claim against the Defendants in their individual capacities, asserting that these "Defendants acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights."/[6]  This is a claim for punitive damages against individual Defendants.  Because Plaintiff has come forth with no evidence showing that Defendants Wineinger, Gore and Allen violated Plaintiff's clearly-established constitutional rights and did so willfully, deliberately, maliciously or with reckless disregard, Plaintiff has failed to establish he is

---

[6]      *See* Plaintiff's Original Complaint at ¶ 31.

entitled to punitive damages against these three parties. Accordingly, Defendants Wineinger, Gore and Allen are entitled to summary judgment as to Plaintiff's punitive damage claim.

### Claims Against Randall County

Defendants asserts that the Plaintiff has not asserted a viable § 1983 claim against Randall County because he has not alleged that the county had or has an unconstitutional policy, practice or custom that violated Plaintiff's clearly established civil rights. *See Monell v. New York Dep't of Social Services,* 436 U.S. 658, 694 (1978)(A plaintiff must show that a final policymaker for the municipal body made a deliberate and conscious choice to ratify a policy or custom that was the moving force that caused the plaintiff's injury.)./[7]

Defendants are incorrect that Plaintiff's complaint does not allege a policy, practice or custom adopted by the County that was the moving force behind Plaintiff's alleged injuries or damages. For § 1983 purposes, the alleged actions of a duly elected Texas district attorney may be considered the final policy maker for a Texas county. *See Krueger vs. Reimer,* 66 F.3d 75, 77 (5th Cir. 1995)("If a district attorney exceeds the scope of his prosecutorial duties, a county may be held liable under certain limited circumstances."); *Turner vs. Upton County, Texas,* 915 F.2d 133, 137-38 (5th Cir. 1990), *cert. denied,* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991)(elected district attorney engaging in unconstitutional actions with others can result in § 1983 liability attaching to a county).

---

[7] "Congress did not intend municipalities to be held liable [for § 1983 actions] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). "A municipality cannot be made liable by application of the doctrine of respondeat superior." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 478, 106 S.Ct. 1292, 1297, 89 L.Ed.2d 452(1986). "[R]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality'– that is, acts which the municipality has officially sanctioned or ordered." *Id.,* 475 U.S. at 480, 106 S.Ct. at 1298. However, "it is plain that municipality liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Id.*

And while a governmental entity cannot be liable under § 1983 merely because it employed an alleged tortfeasor,[8] Plaintiff clearly pleads that the allegedly unconstitutional actions were done pursuant to the direct instructions, and at the specific directions, of the Randall County District Attorney acting through his prosecutors, investigators, and city police officers.  There is some evidence in this record, although unclear, that the search and the seizure were subsequently ruled to have been illegal.  There is some also evidence in this record that not all of the Plaintiff's property was, for reasons unclear, returned to him.

### Conclusions

Defendants' motion for summary judgment is granted in part and denied in part as follows.

Defendants Wineinger, Gore and Allen in their individual and official capacities are entitled to summary judgment on all of the Plaintiff's claims asserted against them.

That part of Plaintiff's claim seeking money damages against District Attorney Farren in his official capacity is dismissed.  This dismissal does not affect Plaintiff's claim for injunctive relief against Defendant Farren or Randall County; Plaintiff's claim for money damages against Defendant Farren in his individual capacity; or Plaintiff's claim for money damages against Defendant Randall County, Texas.

All Defendants are entitled to summary judgment upon Plaintiff's fourth amendment claim for unreasonable seizure of his person.

---

[8]     *See Monell*, 436 U.S. at 691 (the municipality's deliberate policies make it liable; a municipality cannot be held liable under §1983 on a theory of *respondeat superior*);  *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995)("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint.").

All Defendants are entitled to summary judgment upon Plaintiff's fifth amendment claim.

It is SO ORDERED.

Signed this the _____ day of July, 2012.

**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE

-11-